IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2079-BO

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS, Petitioner, | ) | |
| v. | ) | ORDER |
| JOEL HERRON, Respondent. | ) | |

Christopher Williams, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Joel Herron ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner responded, and the matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. On February 5, 2007, in the Superior Court of Brunswick County he was convicted after trial by jury of statutory rape, indecent liberties, and solicitation of a child by computer to commit a sexual ac. Petitioner was sentenced 256-317 months imprisonment. On July 1, 2008, the North Carolina Court of Appeals issued an unpublished opinion finding no prejudicial error, and on October 9, 2008, the Supreme Court of North Carolina denied discretionary review. State v. Williams, 662 S.E.2d 577, 2008 N.C. App. Lexis 1281, disc. review denied, 362 N.C. 513, 668 S.E.2d 782 (2008). Petitioner was represented at trial by R. Clarke Speaks, and on appeal by Speaks and Geoffrey W. Hosford. Petitioner dated a pro se state habeas corpus petition February 8, 2010, and filed it in the Superior Court of Brunswick County on February 12, 2010. On March 23, 2010, Judge Lewis summarily denied state habeas relief on March 23, 2010. On April 9, 2010, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. The state filed its response, and on April 16, 2010, certiorari was denied. This petition was dated April 28, 2010, and filed it in this Court on May 6, 2010.

## ISSUES

Petitioner asserts the following: (1) the state presented no in-court identification of him as the perpetrator of these offenses and thus the trial court erred in denying the motions to dismiss on grounds of insufficient evidence; (2) the trial court erred in admitting state's exhibits 1, 2, and 3, the instant messages purportedly exchanged between Petitioner and the child victim, and the state failed to properly prove the messages came from Petitioner; and (3) the trial court erred in permitting the state to elicit prejudicial and irrelevant evidence on cross-examination of Petitioner's witnesses.

## DISCUSSION

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's conviction became final on direct review ninety days after the October 9, 2008, order of the Supreme Court of North Carolina denying discretionary review and dismissing his notice of appeal. See Sup. Ct. R. 13.1; Clay v. United States, 537 U.S. 522, 527 (2003). This makes the start date for the statute of limitations Wednesday, January 7, 2009. The statute of limitations then ran and fully expired after 365 days on Thursday, January 7, 2010. During the time the statute begin to run again and fully expired, no post-conviction filings were made.

Furthermore without considering whether the February 8/February 12, 2010, state habeas is a proper post-conviction motion, petitions filed after the expiration of the one-year AEDPA limitations period "cannot revive a period of limitation that has already run." Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)). Therefore, the petition is time-barred.

Furthermore, AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, ___,

130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)). Petitioner's arguments, if construed as one for equitable tolling, do not illustrate any extraordinary circumstances which prevented him from timely filing. The motion to dismiss is allowed and the case is dismissed.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, Respondent's Motion to Dismiss the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED.

SO ORDERED, this 3 day of September 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE